## Commonwealth *v.* Valverdi, Appellant.

*Criminal law—Election law—Conspiracy—Assessors—Evidence.*

On the trial of an indictment of election assessors for the illegal registration of persons not resident in the district and not qualified voters therein, the commonwealth may, after having established by competent evidence the offense charged in the indictment, show that the defendants also procured to be placed upon the 'list of voters a large number of persons who were not naturalized and therefore not qualified to vote.   For the purpose of throwing light upon the motives and intentions of the defendants, it is competent for the commonwealth to prove all that the latter did at the time of the offense charged in the indictment, in dealing with the same subject-matter, and which contributed to the same specific purpose.

*Criminal law—New trial—Jurors—Reading of newspapers.*

The granting or refusing of a new trial in a criminal case, upon the ground that during the trial jurors have heard improper oral or have read unauthorized printed statements concerning the case, is a matter within the discretion of the court below, and the conclusion of that court will only be reversed where there is a clear abuse of discretion; and this is particularly so where the publication was merely a correct narration of the incidents of the trial, and did not refer to any previous misconduct of the defendants.

*Criminal law—Conspiracy—Parties—Acquittal of one party.*

It is not necessary for the commonwealth on the trial of an indict-

ment for conspiracy to establish that all the persons charged in the indictment had been guilty of an unlawful conspiracy; if the evidence establishes that any two have been guilty of the conspiracy charge, they may be convicted although all the others are acquitted.

Argued Oct. 15, 1906.   Appeals, Nos. 165 and 166, Oct. T., 1905, by Philip Valverdi and Edward H. Wood, from judgment of Q. S. Phila. Co., Nov. T., 1904, No. 282, on verdict of guilty in case of Commonwealth v. James McCartney, Philip Valverdi and Edward H. Wood.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ.  Affirmed.

Indictment for conspiracy.   Before CARR, J.

The opinion of the Superior Court states the case.

At the trial the defendants presented the following points:

2. The jury must not consider under this indictment the evidence that the names of unnaturalized persons appeared upon the assessor's list of May and September, 1904.  *Answer :* Refused. [2]

3. The only testimony offered by the commonwealth that can be considered by the jury under the counts of this indictment is that respecting the allegation that non-residents were assessed as qualified electors.  *Answer :* Refused. [3]

Verdict of guilty as to Valverdi and Wood, upon which judgment of sentence was passed.

*Errors assigned* among others, were (2, 3) above instructions, quoting them.

(5.) The learned trial judge erred in refusing to grant a new trial in the said cause, in view of the inflammatory, prejudicial and untruthful publications in the newspapers of Philadelphia, concerning the trial of the said cause, the attacks thus made upon the jurors through the same channels, which publications were proven to have been read by the jurors during the progress of the trial.

(6.) The learned trial judge erred in overruling the defendant's motion in arrest of judgment because a verdict of " not guilty " as to the duly elected assessor, is a finding that no crime had been committed, or was contemplated by him, and, therefore, the other two defendants could not have conspired with him to commit a crime.

*William W. Porter*, with him *H. A. Mackey* and *J. Jos. Murphy*, for appellant.—The evidence that certain residents were assessed who were not naturalized, was not admissible in support of the indictment: Com. v. Garver, 16 Phila. 468; Com. v. Ramsey, 1 Brewster, 422; Updegraff v. Com., 6 S. & R. 5; Perdue v. Com., 96 Pa. 311.

When the assessor himself is acquitted the other defendants cannot be convicted.

Inflammatory newspaper articles read by the jurors during the trial entitled defendants to a new trial: Holden v. R. R. Co., 169 Pa. 1; Rentzheimer v. Bush, 2 Pa. 88; Com. v. Jacques, 1 Pa. Dist. Rep. 287; Hat-Trimmings Case, 49 Fed Repr. 32; Com. v. Landis, 12 Phila. 576; Com. v. Johnson, 5 Pa. C. C. Rep. 236.

*John C. Bell*, district attorney, with him *Joseph H. Taulane*, assistant district attorney.—The evidence as to the assessment of unnaturalized persons was proper: Regina v. Francis, L. R. 2 C. C. R. 128; Blake v. Assurance Co., L. R. 4 C. P. Div. 94; Penn Mut. Life Ins. Co. v. Mechanics' Savings Bank, etc., Co., 72 Fed. Repr. 413; Com. v. White, 145 Mass. 392 (14 N. E. Repr. 611); Friend v. Hamill, 34 Maryland, 298; Com. v. Shanor, 29 Pa. Superior Ct. 358; Com. v. Bell, 166 Pa. 405.

Although the assessor himself was acquitted the appellants might be convicted: Com. v. Hill, 11 Mass. 136; Regina v. Manley, 1 Cox Crim. Cases, 104; Regina v. Flatman, 14 Cox Crim. Cases, 396; Regina v. Clifford, 2 C. & K. 202; Regina v. Bannen, 1 C. & K. 295; Regina v. Butcher, 8 Cox Crim. Cases, 77; Regina v. Dowey, 11 Cox. Crim. Cases, 115; Com. v. Seybert, 4 Pa. C. C. Rep. 152.

The publication of the newspapers during the trial did not entitle the appellants to a new trial: Alexander v. Com., 105 Pa. 1; Com. v. Haines, 15 Phila. 363; Com. v. Landis, 12 Phila. 576; Com. v. Jacques, 1 Pa. Dist. Rep. 287.

OPINION BY PORTER, J., December 10, 1906:

The indictment charged the defendants with conspiracy to unlawfully and fraudently assess and place, and cause and procure to be assessed and placed upon the assessors' list of voters of the thirtieth election district of the first ward of the city of

Philadelphia "the names of a large number of, to wit: fifty and more persons, as voters of said. thirtieth election district of the first ward aforesaid who did not reside in the said thirtieth election district of the said first ward and were not then and there qualified to vote therein." Upon the trial McCartney was acquitted, and Valverdi and Wood were found guilty and have now taken these appeals.

The first and fourth specifications of error refer to evidence to the admission of which no exception was taken in the court below, and, for that reason, cannot be considered. The defendants took no general exception to the charge of the court, and, upon that ground, the tenth, eleventh and thirteenth specifications of error are dismissed.

The commonwealth, having proved that a large number of persons had been assessed and their names placed upon the list of voters of the election district who in fact did not reside in the district and were not qualified voters therein, and that the appellants were active in causing and procuring the names of such persons to be placed upon said list of voters, introduced evidence which tended to establish that the appellants caused and procured to be placed upon said list of voters the names of a large number of persons who, although they resided in the district, were not qualified to vote therein, because they were foreign born and had never been naturalized, and that the appellants knew that fact. There was no exception taken to the admission of the evidence as to the registration of unnaturalized persons, but the defendants subsequently moved to strike out this evidence and requested the court to charge the jury that they were not to take it into consideration. The court refused to strike out the evidence and declined to charge as requested, which rulings are the foundations of the second, third and seventh specifications of error. These specifications raised but one question : the relevancy of the testimony as to the registration of unnaturalized persons to the issue. being tried. The indictment charged a conspiracy to cause the registration, as voters of the district, of persons who did not reside in said district and were not then and there qualified to vote therein. The offense as charged referred only to voters of a particular class, and having thus been limited by the indictment, the burden was upon the commonwealth to establish

a conspiracy to cause the unlawful registration of persons who came within the class. Had the evidence been insufficient to justify a finding that there had been a conspiracy to cause an unlawful registration which embraced persons falling within the particular class, the conviction could not be sustained. The commonwealth having proved, however, that the names of a large number of persons who were not residents of the district, and for that reason not voters, had been placed upon the list of voters and that the appellants had been active in causing this to be done, their motives and intentions in so acting became material to the inquiry as to their guilt or innocence of the offense actually charged. Were they misled by innocent mistakes, or acting in pursuance of a corrupt combination? For the purpose of throwing light upon their motives and intentions it was competent for the commonwealth to prove all that they did at the time of the offense charged in the indictment, in dealing with the same subject-matter and which contributed to the same specific purpose. The evidence in question directly tended to establish that the placing upon the list of voters of the names of persons who did not reside in the district was not an innocent mistake, but was but a part of a general scheme, to which the appellants were parties, to cause the registration of a large number of persons who were not voters of the district, and for this reason it was relevant to the issue as to the intentions of the appellants : Commonwealth v. Bell, 166 Pa. 405 ; Goersen v. Commonwealth, 106 Pa. 477 ; Commonwealth v. Johnson, 133 Pa. 293 ; Friend v. Hamill, 34 Maryland, 298; Penn Mutual Life Insurance Company v. Mechanics' Savings Bank, etc., Co., 72 Fed. Repr. 413; Commonwealth v. White, 145 Mass. 392 (14 N. E. Repr. 611); Regina v. Francis, L. R. 2 C. C. R. 128; Blake v. Assurance Company, L. R. 4 C. P. Div. 94. The second, third and seventh specifications of error are dismissed.

The fifth specification of error refers to the refusal of the court below to grant a new trial, " in view of the inflammatory, prejudical and untruthful publications in the newspapers of Philadelphia, concerning the trial of the said cause." The depositions taken in support of the motion for a new trial indicated that a number of the jurors had, during the trial, read newspaper accounts of the proceedings, and the publications in

question were offered in evidence in support of the motion. The granting or refusing of a new trial in a criminal case, upon the ground that during the trial jurors have heard improper oral or have read unauthorized printed statements concerning the case, is a matter within the discretion of the court below, and the conclusion of that court will only be reversed where there is a clear abuse of discretion: Alexander v. Commonwealth, 105 Pa. 1; Commonwealth v. Chauncey, 2 Ashmead, 90; Commonwealth v. Haines, 15 Philadelphia, 363; Commonwealth v. Striepeke, ante, p. 82, recently decided by this court. We have carefully considered the publications in question, and are of opinion that, as the articles did not refer to any previous misconduct of the defendants, or discredit any material witness, or misstate the evidence, it is by no means clear that they could have affected the verdict. The learned judge of the court below, in his opinion refusing a new trial, referring to the publications, says " They narrate incidents of the trial which had already happened in the presence of, or within the hearing of, the jurors themselves, nor do they make false statements of such incidents." The matter was one peculiarly within the discretion of the court below, to be conscientiously passed upon in view of all the circumstances surrounding the trial, and we cannot say that the conclusion arrived at involved an abuse of discretion. The fifth specification of error is dismissed, as is also the twelfth for the same reason.

The sixth specification of error refers to the refusal of the court to arrest the judgment, upon the ground that the acquittal of McCartney, the assessor, is a finding that no crime had been committed by him, and, therefore, the other two defendants could not have conspired with him to commit a crime. Nothing is better settled than that it is not necessary for the commonwealth to establish that all the persons charged in the indictment had been guilty of an unlawful conspiracy; if the evidence establishes that any two have been guilty of the conspiracy charged they may be convicted although all the others are acquitted. If these appellants conspired to cause to be placed on the list of voters the names of persons who were not residents of the district they were guilty of the offense charged in this indictment, even if the assessor was not a party to the conspiracy and was the victim of the deception of those who

were carrying out the purpose of the unlawful combination. The offense charged was one which affected all the people of the commonwealth; its purpose and effect, if successful, was to corrupt a public election, and it was indictable at common law, independently of the provisions of the Act of January 30, 1874, P. L. 31. The sixth specification is dismissed.

There was evidence which, if believed, warranted the conviction of both the appellants, and the court properly overruled the motion to discharge them, respectively, upon the ground that there was no evidence to connect them with the conspiracy. The eighth and ninth specifications of error are dismissed.

The judgments in the appeals Nos. 165 and 166, October Term, 1905 are affirmed, and it is ordered that the appellants, Phillip Valverdi and Edward H. Wood, appear in the court below, to the end that they, respectively, be· committed to serve such part of their respective sentences as had not been complied with at the time their respective appeals were made a supersedeas.