## Loughran *v.* Thomas Bros. Co., Appellant.

*Negligence—Infant—Contributory negligence—Damages.*

In an action by a mother to recover damages for the negligent killing of a child two years and four months old, she cannot be charged, as a matter of law, with contributory negligence, because she permitted or directed her six-year-old daughter, the eldest of four children, to take the child who was killed, with her when going on an errand to a nearby store.

In an action to recover damages for the negligent killing of a little girl two years and four months old, a verdict for $559.50 will be sustained where it appears that the father and mother of the child testified as to the employment of the father, the location of the home and the good health of the child, and the chief of the hospital to which the child was taken after her injury, testified that her "foetal term was full, her birth normal," and that her "general health was good." In such a case it is not necessary to call an expert to express an opinion as to the money cost of raising a baby, or as to its probable earnings, if any, over and above the expenses of its maintenance.

It is settled law in Pennsylvania that a human life has a pecuniary value. In an action to recover that pecuniary value, the

law requires, as it does in every case, the production of the best evidence that is reasonably available. But it never demands impossible things, and because, in certain cases affirmative or positive proof is necessarily scant in volume it sanctions no conclusion that relief for a recognized wrong should therefore be denied.

Argued Oct. 16, 1916. Appeal, No. 51, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., June T., 1915, No. 420, on verdict for plaintiff in case of Francis J. Loughran and Catharine Loughran v. Thomas Brothers Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for the death of a child two years and four months old. Before BONNIWELL, J.

At the trial it appeared that on October 12, 1914, the mother of the child permitted her six-year-old daughter, the eldest of four children, to take the child with her when going on an errand to a nearby store, and that the little girl was killed by the negligent act of defendant's driver. The evidence showed that the father was a wage earner and lived in the rear of a small house, and that the mother did household duties. Evidence of the parents and of the chief of the hospital to which the child was taken, tended to show that the little girl was in good health and that her birth had been normal.

Verdict and judgment for plaintiffs for $559.50. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and a portion of the charge which was as follows: (Nextly the parents are entitled to recover such amount as will compensate them for the estimated loss of earnings of this little girl up until she would be twenty-one years of age. The law gives the parents the right to receive the wages or earnings of minors until they are twenty-one years of age; but the law says further, that if there is an untimely death due to an ac-

cident, under these circumstances, the jury shall calculate from the circumstances of the party and from the possibility of the earnings of children and the grade and condition of the parents what their probable earnings would be until they are twenty-one years of age; but in estimating that, you must also take into consideration that you are to allow, firstly, for the boarding, for the clothing, for the education, and for the maintenance of the minor,—all the probability of expenses involved in that event and the possibility of medical expenses; and when you calculate what would be the possible earnings of that child up to the age of twenty-one years, you must also, in making a net allowance, deduct from your estimate all these items of expense that enter into the bringing-up of the child, as indicated. This, of course, is a sheer matter of calculation. As to the method of calculating that in a case such as this, there is no basis that I can indicate to you except such as your own sound sense and experience in life will afford you. If this child had-been twelve or fourteen years of age and had been at work, the wages earned by the child, and its condition of health would afford you some method whereby you might point your compass. But, gentlemen, you have here an infant, probably just able to walk. It is for you to say what net earnings the infant would likely have contributed to her parents if she had lived to be twenty-one years of age.)

*George P. Orr,* with him *C. Winfred Conard* and *Allen C. Middleton,* for appellant.—The plaintiffs were guilty of contributory negligence in permitting an infant two years and four months of age to go upon the public highway unprotected save by another infant of six years of age: Jones v. United Traction Co., 201 Pa. 346; Pittsburgh, Allegheny, Etc., Ry. Co. v. Pearson, 72 Pa. 169; Philadelphia & Reading Ry. Co. v. Long, 75 Pa. 257; Glassey v. Hestonville, Etc., Ry., 57 Pa. 172; Pollack v. Penna. Ry. Co., 210 Pa. 634; Westerberg v. Kinzua, Etc.,

Ry. Co., 142 Pa. 471; Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 12; Murray v. Scranton Ry. Co., 36 Pa. Superior Ct. 576.

The following cases show that it was error to send the question of damages to the jury with only general terms, in the charge, to guide their deliberations: Collins v. Leafey, 124 Pa. 203; Penna. R. R. Co. v. Kelly, 31 Pa. 372; Penna. R. R. v. Books, 57 Pa. 339.

*Max Aron,* for appellee.

OPINION BY HEAD, J., December 18, 1916:

We think it may now be regarded as settled by the Pennsylvania courts that a human life has a pecuniary value.  In an action to recover that pecuniary value, the law requires, as it does in every case, the production of the best evidence that is reasonably available.  But it never demands impossible things, and because, in certain cases, affirmative or positive proof is necessarily scant in volume, it sanctions no conclusion that relief for a recognized wrong should therefore be denied.  As long ago as the case of Penna. R. R. Co. v. Keller, '67 Pa. 300, Chief Justice THOMPSON said: "Compensation for the loss of life was given to certain survivors by the Act of 1855. ......None are without value in the eye of the law, and because there are difficulties in the way of determining the question of value, is not a good reason for denying it altogether."  The principle thus stated has been followed in all of the cases.  In McCleary v. Pittsburgh Rys. Co., 47 Pa. Superior Ct. 366, we undertook to review, at considerable length, the entire line of authorities, with some examination of the foundations on which they rested. We need not repeat.

In the case before us the plaintiffs were the parents of an infant child whose life was lost, as the verdict affirms, by the negligent act of defendant's servant.  It is first urged the learned trial judge should have declared, as matter of law, the parents were guilty of contributory

negligence in that the mother permitted or directed her six-year-old daughter, the eldest of four children, to take her little sister with her when going on an errand to a nearby store. The answer to the argument advanced is fully indicated in the following excerpt from the opinion of Mr. Justice DEAN in Johnson v. Reading City Pass. Ry. Co., 160 Pa. 647: "It would be a harsh rule to hold that this mother, in her pecuniary circumstances, was bound to give her undivided attention to her child (in this case one of four) to the neglect of all other wifely duties, and there is no such rule of law in Pennsylvania, as we have held in very many cases."

It is earnestly argued the trial court should have instructed the jury there was no evidence to fix the pecuniary value, to the parents, of the life of their child and therefore a verdict for the defendant should have been directed. We cannot suppose this argument is intended to lead to the conclusion that some witness, who could qualify as an expert, must be called to express an opinion as to the money cost of raising a baby, or as to its probable earnings, if any, over and above the expense of its maintenance. Does it necessarily follow that, in the absence of such evidence, the verdict of the jury was a pure guess? In McCleary v. Pittsburgh Rys. Co., supra, we said: "But in other cases, of which the present is an illustration, the life lost may have been cut off in infancy or spent itself along the lines of those social, domestic or moral human relations that exhibit no commercial side. In such cases when a plaintiff has proved all of the relevant facts susceptible of affirmative proof, is he to be denied the benefits of the statute because he cannot prove more?"

What evidence then was before the jury? The father and mother of the child were called as witnesses. The jury saw and heard them and could reach a rational conclusion as to their ages, health and the probable prenatal endowment of their child. They knew the father was a wage earner and the location of his home. They could

thus deduce the environment in which the child would have been raised had her life been spared. As to the actual condition of the child, herself, the jury had before them the detailed report of the visiting chief of the hospital, to which she was taken following her injury, that her "foetal term was full, her birth normal," and that "baby's general health was good." If such evidence does not furnish a basis on which a jury may rest a rational estimate of the probable pecuniary value of a child's life to its parents, there is no solid foundation for the operation of the statute in such a case.

We have examined with care the charge of the learned trial judge on this question and find no reversible error to support the first, fifth or sixth assignments. The remaining ones, complaining of rulings of the trial judge concerning the relevancy of certain questions which were or were not permitted to be answered, do not disclose any serious harm done to the defendant. All of the assignments are overruled.

Judgment affirmed.