# Philadelphia, Baltimore & Washington R. R. Co. *v.* Perna, Appellant.

*Evidence—Origin and history of transaction—Contract.*

1. Where evidence tends to make the fact in issue more or less probable, or shows the origin and history of the transaction between the parties, and explains its character, it is material.

*Evidence—Admissibility of—Items claimed established by verdict—Appeals—Contract.*

2. Objection to the admissibility of evidence as to certain items claimed, is untenable on appeal, where the verdict establishes that the contract, covering such items, was in truth entered into by the parties.

*Appeals—Improper inclusion of items in verdict—Reduction of judgment.*

3. Where an item has been improperly included in a verdict, the Supreme Court may, in affirming the judgment, modify it by striking the item therefrom.

Argued January 5, 1922. Appeal, No. 45, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1916, No. 1053, on verdict for plaintiff, in case of Philadelphia, Baltimore & Washington R. R. Co. v. Joseph Perna. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Judgment modified and affirmed.

Assumpsit on contract. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,678.97. Defendant appealed.

*Errors assigned,* inter alia, were various rulings and instructions appearing by the opinion of the Supreme Court, quoting record.

*Henry K. Fries,* for appellant.

*Chas. Woods Coulston* and *J. Howard Rhoads,* for appellee, were not heard.

OPINION BY MR. JUSTICE SADLER, February 6, 1922:

The City of Philadelphia prepared plans for the building of a sewer on 52d Street, which passed along that highway beneath the tracks of the plaintiff's railroad. Prospective bidders were advised thereby that the railroad company would protect its rails when the excavation made this necessary, the cost to be paid by the contractor, who was directed to include the estimated sum in his proposal. The specifications required that satisfactory arrangement for the necessary support of the right-of-way should be made by the successful bidder. Defendant was awarded the contract on December 17, 1914, and began the construction of the sewer. The railroad line was reached in August of 1915, and consent was secured by Perna to do a part of the work at the crossing, using his own men and materials. It has been found by the jury, under proper instructions, that he then agreed to indemnify the plaintiff for all outlays which it might make in inspecting the work, and guarding against accident, as well as for any other expense to which it was necessarily put by reason of the proposed excavation. Such an understanding was denied by defendant, who insisted his liability was limited to two items, amounting to $190, covering the cost of the removal of certain timbers, and the reballasting of the track, and he expressed a willingness to pay that sum alone. This action was then instituted to recover the full amount expended by the plaintiff, which right depended upon the existence of the agreement to reimburse, and the question of fact was found in its favor. Unless then some prejudicial error in the admission of testimony, or in the charge of the court, can be pointed out, the judgment should be sustained.

A number of assignments have been filed, which, in effect, make three complaints. It is insisted, first, that it

was wrong to submit to the jury the plans, specifications and contract made by Perna with the City of Philadelphia, by which the duties in respect to crossings under railroads were defined. The statement of claim had specifically referred to the obligation imposed upon the contractor, by his written agreement with the city, to make suitable arrangements for the protection of the tracks. It is averred that, as a result, the contract of August, 1915, was entered into. The objection to the offer was placed on the ground the suit was based on this agreement,—the existence of which was testified to by the witnesses following the city clerk, who produced the papers, the admission of which is complained of,—and because the evidence was immaterial. The first reason given is without effect, in view of the proof subsequently offered, and the second is without merit. Whether a contract was made, constituted the vital matter for the consideration of the jury. To show that the contractor was under the duty of making arrangements with the railroad, certainly lent probability to the contention that some understanding was had, as insisted by plaintiff. Where evidence tends to make the fact in issue more or less probable, or shows the origin and history of the transaction between the parties, and explains its character, it is material. Further, it made apparent the kind of work which was required, and the authority under which it was conducted, as well as identifying the defendant as the one responsible for any valid claim arising from the construction. The proof did not, of course, establish the case of the plaintiff in its entirety, but it threw some light on the transactions between the parties, and was proper for consideration in determining the fact in issue. The first three assignments are therefore overruled.

Again, the receipt of evidence to show the cost of the necessary inspection and guarding of the tracks, during the sewer construction, is complained of. This objection, suggested in assignments four to seven, is untenable, in

view of the finding that the contract of August, 1915, covering such outlays, was in truth entered into. The same can be said as to the refusal to affirm the fifth and sixth points presented by defendant, in which the court was asked to limit the verdict to the sum of $190, an amount admittedly due. Nor are we convinced of merit in the complaints made to the portions of the charge included in assignments ten to thirteen. The instructions as a whole were fair and adequate. Reference to the former legal rules as to consideration of testimony of interested parties would seem to have been unnecessary, but we cannot agree that the language used constituted prejudicial error. The witnesses for both sides were referred to, and the words used were applicable to each. The jury was advised that, in passing upon the credibility of every witness, the presence of any fact, which might affect the correctness of his testimony, should be considered.

One matter appears upon the record which requires correction. At the time of the excavation, six tracks were upon the ground. Later, a siding was built by the railroad. As to the shoring of this, the cost was assumed by the plaintiff, in an agreement with the city. The verdict rendered includes a charge of $17.11 for work at this point, and this sum is not properly chargeable to defendant. The erroneous inclusion of this item does not make necessary a retrial, for substantial justice can be done by directing a reduction of the judgment accordingly: Gandy v. Klaw, 269 Pa. 320. To this, we understand, the appellee consents.

The assignments of error are overruled, and the judgment is modified, and is here entered for $1,661.86, with interest from April 23, 1921, and as so modified it is affirmed.