Lyntkowski *v.* Gallo, Appellant, et al.

Argued December 2, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*S. S. Herman,* of *Herman & Harris,* for appellant.— There was no evidence of negligence on the part of Gallo: Adams v. Gardiner, 306 Pa. 576; Wilson v. Beef Co., 295 Pa. 168; Galliano v. Electric Co., 303 Pa. 498.

*Herbert Welty*, with him *Victor Frey*, for appellee.—Defendant was negligent in not using proper care at the intersection: Byrne v. Schultz, 306 Pa. 427; Alperdt v. Paige, 292 Pa. 1; Davis v. Ice Co., 285 Pa. 177.

*Ward C. Henry*, for appellee, Joseph LaRue, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1933:

Plaintiff brought this action of trespass against the defendants, Gallo and Paskiewicz, to recover damages for personal injuries. Defendant LaRue was brought in by sci. fa. The case was tried before one of the judges of the court below without a jury. He awarded damages against Gallo and Paskiewicz, and absolved LaRue from liability. This appeal is taken by Gallo alone, Paskiewicz not disputing the recovery against him.

Plaintiff was walking on the pavement along Twenty-first Street in the City of Philadelphia. When he reached the northwest corner of Twenty-first Street and the Parkway, he was struck and injured by the car of Paskiewicz, which had been in collision with those of Gallo and LaRue.

The Parkway is one of the principal arteries of traffic in Philadelphia, beginning at City Hall and running in a northwesterly direction to the East River Drive in Fairmount Park. We are told in appellee's brief that at the time of day when this accident happened, about five o'clock in the afternoon, "thousands of automobiles travel northwestward on the Parkway toward Fairmount Park on their way to various parts of North Philadelphia, Germantown, Wissahickon, Manayunk, West Philadelphia, Overbrook, Wynnefield and various suburbs of Philadelphia, such as the Main Line and other places in Delaware and Montgomery Counties."

The Parkway has three separate lanes of travel, a south lane, with which we are not concerned, a center and a north lane. The center lane is 80 feet wide and

the north lane 28 feet. Traffic is regulated by officers stationed in the center lane at the intersecting streets. The defendants, each in his own automobile, were driving west on the Parkway, Paskiewicz in the center lane, Gallo and LaRue in the north one. Traffic on the Parkway was stopped at Twentieth Street. The officer stationed there signalled to it to proceed and the cars moved westward in the center and north lanes. As the flight of automobiles approached Twenty-first Street, the signal was for them to proceed; traffic was held on Twenty-first Street. There is a grass plot at Twenty-first Street separating the center lane from the north one. This plot fronts 50 feet long on Twenty-first Street between the two lanes. When Paskiewicz, traveling in the center lane, reached the intersection of Twenty-first Street, he turned right (north) into that street. This, it was testified by the traffic officer, he had the right to do under the traffic regulations, "but they [automobilists] are supposed to stop there on the lane opposite the grass plot" and not attempt to cross the north lane if there are cars approaching on it. Instead of stopping opposite the grass plot, Paskiewicz drove his car into the north lane on which cars were approaching from his right, that of Gallo nearest to him, LaRue to the right of Gallo and slightly behind him, and other cars farther in the rear. Gallo had seen the Paskiewicz car when it made the turn from the center lane into Twenty-first Street, but did not realize that it was going to continue on into the north lane. Just how far away from Twenty-first Street Gallo and LaRue were when Paskiewicz entered upon the north lane is a matter of dispute in the testimony; apparently the distance was between 20 and 35 feet. Paskiewicz was driving at about 30 miles an hour; Gallo and LaRue at about 35. Paskiewicz proceeded into the north lane without stopping, and when he was about three-fourths of the distance across, Gallo's car struck his rear wheel. When he saw that Paskiewicz was crossing the north lane and that a collision was impending,

Gallo put on his brakes and swerved his car to the left. LaRue could not stop his car in time to avoid colliding with the other two. The result of the collision was that Paskiewicz's car was turned over upon the pavement at the northwest corner of the Parkway and Twenty-first Street, where it struck and injured plaintiff.

The judge who heard the case without a jury and the court in banc decided that Paskiewicz was negligent and hence liable to plaintiff. The lower court concluded that, while LaRue was negligent (with which we are unable to agree), the collision between the Gallo and Paskiewicz cars caused the injury to plaintiff, since Paskiewicz's car was struck and overturned by Gallo, and in overturning, struck LaRue's car and then the plaintiff. It was determined that the impact between the Paskiewicz and LaRue cars was very slight, that the weight of the testimony was that the latter had nothing to do with causing the former's car to strike plaintiff and, therefore, that LaRue was not liable.

The conclusion of the court was that Gallo was negligent and liable to plaintiff because he crossed the intersection at the rate of about 30 miles an hour although he saw the Paskiewicz car coming north on Twenty-first Street when it was about 8 feet south of the south side of the north lane of the Parkway and when he was still about 15 or 20 feet east of the east curb of the intersection. As it appears to us, considering the signal of the traffic officer which indicated to Paskiewicz that he was not to cross the north lane if traffic was coming thereon (which prudence should have dictated to him irrespective of any traffic signal), and taking into account the slight interval of time, a fraction of a second in which Gallo had to realize that Paskiewicz was going to cross in front of him, it cannot be determined that Gallo was negligent. In its opinion the lower court says: "Whatever may have been the signal given by the traffic officer it would surely seem to be negligence to shoot across an an intersection at the rate of thirty miles an hour with

another car coming at right angles on the intersecting street and only eight feet away while Gallo's car is fifteen or twenty feet east of the east curb of the intersection and therefore considerably further away than the other car. By the time the Gallo car got out into the intersection it must have met the Paskiewicz car almost instantaneously." Bearing in mind the traffic conditions on the Parkway, the great volume of traffic and how it must move, the arrangement of the traffic lanes, the signal of the officer directing Gallo and all the others on the three lanes to proceed, and in view of the fact that he was obeying the traffic signal and that the emergency which confronted him was not of his creation, our judgment is that he was not responsible for what happened, but that the entire fault was Paskiewicz's. Perhaps there are no cases which can be cited as controlling precedents for decision of the one in hand, owing to the extraordinary conditions surrounding traffic on the Parkway, which we must take into account, but, on the general proposition involved, Adams v. Gardiner, 306 Pa. 576, and Wilson v. Consolidated Dressed Beef Co., 295 Pa. 168, are pertinent.

In our opinion there is no evidence in the record to show negligence on the part of Gallo, so that the rule laid down in Com. v. Westinghouse Electric & Mfg. Co., 151 Pa. 265, and Perkins v. Halpren, 257 Pa. 402, that the trial judge's findings of fact are as conclusive as a jury's verdict, has no application.

The judgment against Gallo is reversed and is here entered in his favor.