## Commonwealth *v.* Bruno, Appellant.

Argued September 28, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Chas. E. Berger,* with him *Frank A. Bruno* and *J. F. Mahoney,* for appellant.

*Albert L. Thomas,* with him *James J. Gallagher* and *M. S. De Pierro,* for Commonwealth.

OPINION BY MR. JUSTICE DREW, November 25, 1936:

Joseph J. Bruno was here indicted and tried for the murder of Frank Fiorelli, and found guilty of voluntary manslaughter. The salient facts involved are much the same as those set forth in *Commonwealth v. Bruno,* 324 Pa. 236, and merit no further discussion.

One assignment of error, however, requires the granting of a new trial. The Commonwealth called a duly qualified firearms expert who testified that, in his opinion, the bullet in the plaster wall of the Bruno bedroom was fired from the Spanish revolver, found in the house, which later disappeared. The defense thereupon designated a certain person to receive and examine that revolver but did not call him as a witness. Over objection, testimony was admitted in rebuttal that this person examined the weapon and fired test shots from it. The court later charged: "In rebuttal officer Smith says, as per the request of counsel for the defendant, he gave two bullets to [said person]. . . . This is for the purpose of permitting you to infer that, if called, he would have testified against the contention of the defendant, and for that purpose only."

It does not appear on the record that the person who examined the revolver was an expert, and in the absence of such a showing the conclusions to which he might have come were clearly inadmissible. Counsel for the Commonwealth rely upon *Wilson v. Con. Dressed Beef Co.,* 295 Pa. 168. There the plaintiff in a negligence action was permitted to testify in rebuttal that defendant's oculist examined her eyes and was not called by defendant. We said there: "The negligence of appellant to call its own expert might permit the jury to infer that

if called his testimony would not aid the defense." A fundamental distinction is that there the potential witness was shown to be an expert while here he was not. Application of the rule stated there is confined to cases where witnesses possess peculiar knowledge or opportunity therefor presumably rendering their testimony of importance to the party in position to call them. The person designated by the defense to conduct the tests was not in such a position here so far as the record disclosed. In the absence of indication that he was an expert in the particular field with which his examination dealt, he stood in exactly the same position as a layman, whose testimony on such a matter would obviously be inadmissible. For this reason, the charge was erroneous. Since the case must be reversed, it is unnecessary to consider the other questions raised by appellant.

The judgment of the court below is reversed and a venire facias de novo is awarded.