ARKADELPHIA LUMBER COMPANY v. WHITTED.

Opinion delivered December 17, 1906.

1. APPEAL,—HARMLESS ERRORS.—Errors of the court in giving or refusing instructions were not prejudicial if the undisputed evidence shows that the judgment of the court was right upon the whole record. (Page 252.)

2. MASTER AND SERVANT—WHEN RISKS NOT ASSUMED.—Where a servant, by reason of his youth and inexperience, does not appreciate the danger incident to the work which he is employed to do or to the place which he is engaged to occupy, he does not assume such risks until the master apprises him of the danger; and if the master fails of his duty in this respect, and the servant is injured thereby, the master is bound to indemnify him. (Page 253.)

Appeal from Clark Circuit Court; *Joel D. Conway,* Judge; affirmed.

*T. B. Morton* and *John H. Crawford,* for appellant.

1. The court erred in giving the third instruction asked for by the plaintiff, and in refusing to give the fourteenth instruction asked for by the defendant. Rules are generally only necessary to be promulgated by railroads and like corporations. 58 Ark. 332. They are required only to avoid accidents, and when from the dangerous nature of the business accidents would most likely occur without them. 64 Am. St. Rep. 785; 20 Am. & Eng. Enc. of L. (2 Ed.), 101. They need not necessarily be written or printed and posted up; if verbal, and sufficient to protect the employees working about the premises when acted upon, nothing more is reqired. It is for the court to say whether such regulations are reasonable. 58 Ark. 334; 52 Ark. 406. See also 31 N. E. 234; 43 Pac. 230.

2. The first, second, fourth and sixth instructions given for plaintiff were erroneous, in this: that they fail to tell the jury that before the defendant, can be held liable it must appear that the negligence complained of contributed to and caused the injury. 76 Ark. 436; 75 Ark. 263. The fourth is also abstract.

3. The fifth instruction is erroneous in submitting to the jury the question whether the defendant directed the plaintiff to remove the sawdust, etc., when the machine was stopped. There was no evidence that defendant or its foreman ever gave such direction. Moreover, it permits a verdict against the defendant for injuries resulting from the negligent act of a fellow servant. 39 Ark. 19.

4. The eighth instruction given for plaintiff was erroneous because there was no evidence as to how much plaintiff could earn before the injury nor how much he could earn afterwards. 15 Am. Cent. Dig., cols. 2321-2; 69 Ark. 380.

*Hardage & Wilson* and *Scott & Head,* for appellee.

1. "If the danger of employment is patent, and the servant, by reason of his youth and inexperience, does not know ·or appreciate the danger incident to the service he is employed to do, it would be the duty of the master to warn him of it, and instruct him how to avoid it, so far as it can be, before exposing him to it." 73 Ark. 49. The fourth instruction was correct.

2. It is the duty of the master, in the operation of dangerous machinery, to adopt and enforce such rules as will afford reasonable protection to the employees working about the ·same. In this case, defendant's rule, if it had any, was insufficient; and if it was sufficient, it was not observed. 54 Ark. 289.

3. It was the master's duty to see that the machine was clear, and that no one was in danger before starting; and when it delegated this duty to Blackburn, as appears by the testimony, it placed him in the relation of vice-principal to the plaintiff, and not of fellow servant, and is bound by his acts and negligence. 44 Ark. 530. Even if Blackburn were a fellow servant, yet, if defendant had no rule requiring notice to persons working about the machine when it was about to start, it was guilty of negligence, and liable for the injury. 2 Am. Neg. Rep. 37. If injury results from the negligence both of the master and of a fellow servant, then the master is liable. 66 Wis. 268.

4. The questions as to whether plaintiff, by reason of his youth and inexperience, knew or appreciated the danger incident to his service, and whether he was warned of such danger or instructed how to perform the service required of him, were questions for the jury. 11 Am. Neg. Rep. 599; 115 Mich. 484; 9 Am. Neg. Rep. 482; 1 *Id.* 6; 2 *Id.* 37.

BATTLE, J. Emmet Whitted, by his next friend, brought this action against the Arkadelphia Lumber Company to recover damages occasioned by injuries sustained by him while in the service of the defendant. The lumber company owned and operated a machine for manufacturing staves. In the machine and a part of it were saws so constructed that, when in operation, they vibrate up and down and to the right and left at a great rate of speed, and can be stopped and put in motion independently of other parts of the machine. The plaintiff, a lad about eleven years of age, was employed by the defendant to assist in the

operation of these saws by "picking sticks," and removing out of the way of the saws sawdust and shavings. Before he was sent to work, the foreman showed him the saws, and told him to be careful and not get hurt, and to remove the sawdust and shavings when the machinery was not in motion. No instructions were given him as how he should do the work; and he was not instructed as to the dangers to which he was exposed by the operation of the machinery, and how to guard against the same. On the 17th day of May, 1905, while he was engaged in clearing dust and shavings away from the saws, his left hand was caught, and his fingers, except the thumb, were severed by the saws. Some witnesses say that when he commenced removing the sawdust and shavings the saws were not in motion, but after he had been so engaged for a short time the machinery was suddenly started, without signal, notice or warning to the boy, and the injury was inflicted; and others say that it was in motion all the time he was so employed in cleaning. There was no rule or regulation adopted by the defendant for the protection of its employees against such accidents, unless it was an instruction to the operator to look and see that no one was in danger before putting the machine in motion.

Upon this state of facts the court instructed the jury that tried the issue in the case, over the objections of the defendant, in part as follows:

"No. 1. You are instructed that if you find from the evidence that defendant, by its foreman, ordered the plaintiff, Emmet Whitted, to perform work at the defendant's stave machine, and that the said stave machine was a dangerous and deceptive machine, and that the plaintiff, by reason of his youth and inexperience, did not know or appreciate the danger incident to the service about said machine, and that defendant's foreman did not warn him of such danger or explain to him how to perform the service required of him, and that by reason of the failure to give him proper instructions how to perform the service required of him, or to warn him of the danger incident to the performance of such service about said stave machine, together with the plaintiff's want or lack of knowledge or appreciation of the danger incident to such service, on account of his youth and

experience, he was injured, then it will be your duty to find for the plaintiff.

"No. 2. You are instructed that if you find from the evidence that the plaintiff was employed by defendant, and was by the defendant's foreman ordered to perform services upon and about defendant's stave machine, and that said stave machine was a dangerous machine, and that defendant's foreman did not instruct plaintiff how to perform the services required of him, so that said services might be done in a reasonably safe way, and the danger incident to the same be obviated or lessened if the same can be done, and the plaintiff, by reason of his youth and inexperience, did not know or understand how to perform said service without danger to himself, and that, in attempting to perform the said service required of him, he was injured, defendant is liable, and your verdict will be for the plaintiff.

"No. 3. You are instructed that it is the duty of the master, the defendant, to make and establish such rules and regulations in the management of their stave mill for the protection of their employees against the dangers incident to the performance of their duties; and in this case if you find from the evidence that they had no such rule or regulations, or if they had them and knew that they were not observed or were insufficient to afford reasonable protection against the danger incident to the performance of their duties, and by reason of defendant's failure to make and establish such rules and regulations, or on account of the insufficiency of same, plaintiff was thereby injured, defendant is liable, and your verdict will be for plaintiff.

"No. 4. You are instructed that, although you may believe that the danger incident to plaintiff's employment in and about defendant's stave mill was patent, yet, if you find that on account of plaintiff's youth and inexperience he did not know or appreciate the danger incident to the service he was employed to do, and that the defendant did not warn him of such danger or instruct him how to avoid it, so far as it could be avoided, before exposing him to such danger, your verdict will be for the plaintiff."

And the court refused to instruct the jury at the request of the defendant as follows:

"No. 8. From the evidence introduced in this case the court

instructs you that the man, Will Blackburn, whose duty it was to feed the defendant's stave machine, and to start and stop the said machine, was a fellow servant with the said Emmet Whitted, and that the defendant will not be liable to the plaintiff for the act or acts of a fellow servant with the said minor; and in this case if they find from the evidence that the said stave machine was stopped and at rest, and that, while the said minor, Emmet Whitted, was engaged in cleaning up under and around the said stave machine, the same was, by Will Blackburn and without the knowledge or consent of the defendant, or its foreman, Frank Duval, suddenly started, by reason of which sudden starting the said Emmet was injured, then you are told that the said injury was the result of the act of a fellow servant, and your verdict should be for the defendant."

"No. 14. If the jury find, from the evidence in this case, that Will Blackburn was the feeder of what was known as the stave machine in the mill of the Arkadelphia Lumber Company, at which the plaintiff's son, Emmet Whitted, was injured, and that it was the duty of said feeder to start and stop the said machine, and that in this case the said Will Blackburn was properly instructed by defendant, or by some one for it, to be careful to see that no one was in a dangerous position about said machine before starting the same, or instructions to the same effect, then and in that event the defendant cannot be held to be liable in damages for the failure to make and promulgate further rules for the protection of the other employees working in and about the said stave machine, notwithstanding the jury may believe that the said Blackburn failed to comply therewith."

The jury returned a verdict in favor of plaintiff for $3,000, and the defendant appealed.

The giving of instruction numbered 3, if incorrect, and the refusal to give instructions numbered 8 and 14, if correct, were not prejudicial.

In *Emma Cotton Seed Oil Co.* v. *Hale*, 56 Ark. 238, it is said: "If  *  *  *  the servant, by reason of his youth and inexperience, is not aware of or does not appreciate the danger incident to the work he is employed to do or to the place he is engaged to occupy, he does not assume the risk of his employment until the master apprises him of the dangers. It would be

a breach of duty on the part of the master to expose a servant of this character, even with his consent, to such dangers, without first giving him *such instructions and caution as would,* in the judgment of men of ordinary minds, understanding and prudence, be *sufficient to enable him to appreciate the danger, and the necessity for the exercise of due care and caution, and to do the work safely, with proper care on his part.* For a breach of his (this) duty the master is bound to indemnify such servant against the consequences. He can not escape this liability by delegating the duty to instruct or inform to another person." *Glover* v. *Dwight Manufacturing Co.,* 148 Mass..22; *King-Ryder Lumber Co.* v. *Cochran,* 71 Ark. 55; *Ford* v. *Bodcaw Lumber* Co., 73 Ark. 49.

The court instructed the jury that it was the duty of the appellant to warn appellee of the dangers incident to the service he was employed to do, and how to avoid it, so far as it can be, before exposing him to it. It (appellant) did not warn him of the danger to which he was exposed, and how to do his work so as to avoid the same, which could have been done by the use of a stick.

The undisputed facts in the case show that the injury to appellee was due to the failure of the master to properly caution and instruct him. The judgment of the court is right upon the whole record.

Judgment affirmed.