## DARLING *v.* BURNETT.

### Opinion delivered November 14, 1910.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where a master promulgates a rule for the safety of his servants, and a servant is injured while in violation of the rule, and on account of such violation, the court will declare him, as a matter of law, guilty of contributory negligence. (Page 464.)

2. SAME—DUTY OF SERVANT TO OBEY MASTER.—An instruction to the effect that if a servant violated his master's instructions and was injured he could not recover damages therefor from the master was correct and should not have been modified by adding the further qualification that the servant could not recover if he violated the master's instructions "with full appreciation of the danger." (Page 464.)

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; reversed.

#### STATEMENT BY THE COURT.

Horatio Burnett, a minor, by his father and next friend, John C. Burnett, brought this suit against H. H. Darling and C. P. Darling, partners under their firm name of Darling Brothers, to recover damages for injuries sustained by him while employed at the sawmill of the defendants.

Evidence was adduced by him to prove the following facts: On the 16th day of March, 1909, he went to the sawmill of the defendants to secure employment. At that time he was 19 years old. He had worked around the mill before that, trucking, stacking and off-bearing lumber. He was employed, and was given the job of running the "bull-wheel," which was a machine used for drawing logs up the chute to the saw. When large logs were being drawn up, it frequently happened that the belt became loose. Burnett says that he had been directed by

C. C. Darling to tighten the belt by holding it down with a pinch bar; and that he did not know the dangers attending the work. While so engaged, he sustained the injuries for which this action was brought. There was no idler on the belt. An idler is a pulley that runs on top of the belt to hold it down. While operating the bull-wheel, Burnett stood on a plank platform, which was about five feet above the ground. He had to go about six feet from this platform to the place where he held the belt down with the pinch bar. He walked on planks and over the line shaft to get there. The shaft was about two feet from the ground.

At the time Burnett was injured he had been engaged in holding down the belt with a pinch bar; and while doing this he stood across the shaft with each foot on a sill. There was a collar on the shaft which was fastened to it with a set-screw. When the log had been pulled up, Burnett started to return to his platform at the bull-wheel. Burnett said:

"I stood on sills when I was using the pinch bar; they were oily; about as oily as anything gets to be; it run out of the boxes onto the sills. I had pulled the log up before I was hurt, and went to come back out there, and the set-screw caught my pants leg right at the bottom at the side of the left foot, and wound my pants' leg up. The pulley kept pulling, and got up as far as it could, and got me down, and the belt commenced slipping, and the pulley stopped."

It is not claimed that the verdict is excessive, and for that reason it is not necessary to abstract the testimony showing the character and extent of Burnett's injuries.

Evidence was adduced by the defendants to prove that they had told Burnett and their other employees not to go in behind the line shaft and hold down the belt; that such action was dangerous and would cause them to get hurt; "that, if the belt would not pull the logs, to stop the mill, cut the belt and replace it so that it would pull the logs."

There was a verdict and judgment for plaintiff in the sum of $500; and defendants have duly prosecuted an appeal to this court.

*McRae & Tompkins* and *D. L. McRae,* for appellant.

1. Appellee's own testimony shows that he was apprised of the danger incident to the work and appreciated the same. Where a servant has such knowledge and appreciation, there is no duty resting upon the master to warn and instruct as to such dangers. 124 S. W. 524; 56 Ark. 232-8; 6 L. R. A. 733-5.

2. The court should have given the fourth instruction requested by appellant without modification. 51 Ark. 469; 58 Ark. 206; 48 Ark. 348; 77 Ark. 405; 84 Ark. 377; 85 Ark. 237; 88 Ark. 20; 126 S. W. 1005; *Id.* 322; 1 Labatt, Master & Servant, § 363; 26 Cyc. 1245.

*Hamby & Haynie,* for appellee.

Both as to patent as well as to latent dangers, it is the master's duty to warn and instruct young and inexperienced employees. Knowledge of the danger does not imply appreciation of the same. 90 Ark. 473. The evidence does not establish that appellee appreciated the danger.

HART, J., (after stating the facts). Counsel for defendants assign as error the action of the court in amending and giving to the jury as amended instruction No. 4 asked by them. The instruction, as amended or modified, is as follows:

"4. You are told that the servant is bound to obey the reasonable commands of the master, and if, while disobeying these commands, he is injured, the master is not liable. So, in this case, if you find from the evidence that the plaintiff had been instructed by the defendants not to go behind the line shaft, or had been told not to hold the belt down with the bar, and that in violation of these instructions, *and with full appreciation of the danger,* he did go behind the shaft and hold the belt with the bar, and that he would not have been injured if he had not done so, your verdict should be for the defendant."

The amendment or modification consisted in inserting the words in italics, towit: "and with full appreciation of the danger." The instruction should have been given as asked.

The evidence on the part of the defendants tends to show that they had instructed the plaintiff and their other employees not to go in behind the line shaft and hold down the belt; that such action was dangerous.

The undisputed evidence shows that plaintiff was injured while engaged in going behind the shaft and holding down the belt with a pinch bar.

The rule of law is that "where a master promulgates a rule for the safety of his servants, and a servant is injured while in violation of that rule, and on account of the violation thereof, then the court will declare him, as a matter of law, guilty of contributory negligence." *St. Louis, I. M. & S. Ry. Co.* v. *Dupree,* 84 Ark. 377; *St. Louis, I. M. & S. Ry. Co.* v. *Caraway,* 77 Ark. 405. The principle upon which the rule is adopted is that it may be assumed that the master has prescribed such methods of doing his work as experience has shown to be the safest for the servant.

The amendment or modification made to the instruction by the court was erroneous.

In the case of *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232, the court said:

"If, however, the servant, by reason of his youth and inexperience, is not aware of, or does not appreciate, the danger incident to the work he is employed to do or to the place he is engaged to occupy, he does not assume the risks of his employment until the master apprises him of the dangers. It would be a breach of duty on the part of the master to expose a servant of this character, even with his consent, to such dangers, without first giving him such instructions and caution as would, in the judgment of men of ordinary minds, understanding and prudence, be sufficient to enable him to appreciate the dangers and the necessity for the exercise of due care and caution, and to do the work safely with proper care on his part. For a breach of his duty the master is bound to indemnify such servant against the consequences. He can not escape this liability by delegating the duty to instruct or inform to another person. But if such servant receives the information and caution from any source, and accepts the place and undertakes the work, he assumes the risks ordinarily incident thereto, and can not thereafter recover for injuries because the place was not safe. As to such work or place and its dangers, he would then be placed on the footing of an adult and could not, on account of infancy, be relieved of the consequences of such risks." To the same effect, see *Arkadelphia Lumber Co.* v. *Whitted,* 81 Ark. 247; *Arkadelphia Lumber Co.* v. *Henderson,* 84 Ark. 382, and cases cited.

The purpose of warning the young and inexperienced servant is to place him in the same position as one of mature years. So it may be said that if such servant has been warned and instructed as to the dangers of doing certain work or working at a certain place, it is certainly true that he has an appreciation of the danger. It can not be said that a servant has been properly warned and instructed in regard to a danger, and yet does not appreciate it; for the very purpose of the warning and in-instruction is to enable the servant to appreciate a danger, which by reason of his youth and inexperience he would not otherwise appreciate. Therefore, we hold that the court erred in modifying the instruction in question by inserting the words, "and with full appreciation of the danger" after the words, "and that in violation of those instructions."

The same error occurs in the modification of instructions Nos. 5 and 6, asked by the defendants, and given to the jury as modified.

We have examined the instructions given at the request of the plaintiff and find no error in them.

For the error in modifying instructions Nos. 4, 5 and 6, asked by the defendants, the judgment must be reversed, and the cause remanded for a new trial.