ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* BATES.

Opinion delivered March 3, 1924.

1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW-SERVANT—JURY QUESTION.—In an action for wrongful death of a roundhouse hostler, killed while oiling a turntable, which was set in motion without warning by a section foreman, evidence as to whether such foreman moved the turntable, in violation of the rule and without permission, *held* to require submission of the issue to the jury.

2. PLEADING—LEGAL CONCLUSION.—In an action for the wrongful death of an employee, an answer containing merely a general statement that deceased was guilty of contributory negligence, without stating the facts on which the contributory negligence was based, was insufficient.

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—In an action for a wrongful death, objection that the defense of contributory negligence was not sufficiently pleaded could not be raised for the first time on appeal where it was treated below as properly pleaded.

4. MASTER AND SERVANT—INSTRUCTION IGNORING DEFENSES.—In an action for death of a roundhouse hostler, killed while oiling a turntable which was set in motion by a fellow-servant, an instruction was erroneous which ignored the defenses that the fellow-servant was authorized to move the turntable and not negligent in doing so, and that deceased's death was caused by his own negligence in leaving the switch connected as a signal that the turntable was ready to be used.

5. MASTER AND SERVANT—DUTY TO OBEY RULES.—Since it is the duty of a servant to obey the rules prescribed by the master for the servant's protection, it was improper to leave to the jury the question whether it was the servant's duty to obey such rules.

6. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In an action for the death of a roundhouse hostler in Oklahoma, where contributory negligence is an absolute defense, it was error

to refuse to give an instruction submitting the issue whether deceased's negligence in disregarding the master's instructions caused his death.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*W. F. Evans* and *Warner; Hardin & Warner*, for appellant.

1. The plaintiff is barred of recovery by the contributory negligence of the deceased. It is a uniform rule that, if an employee sustains an injury by reason of his violation of the employer's rules, regulations, orders or commands, he will be barred from any right of recovery from the employer, on the ground of the latter's negligence. 129 Ark. 520; 124 Ark. 437; 100 Ark. 380; 82 Ark. 334; 85 Ark. 237; Labatt, Master & Servant, 2d ed., § 1279; 74 Atl. 283; 99 N. W. 220; 49 So. 942; 46 S. E. 17; 96 Ark. 461. The cause of action sued on arose in Oklahoma, where contributory negligence is a defense barring recovery. 129 Pac. 747. And the laws of that State will govern as to liability. 113 Ark. 265; 64 Ark. 291. Contributory negligence should be inferred as a matter of law, whenever the injury results from the servant's noncompliance with a specific order given by the master or his representative. Labatt, Master & Servant, 2d ed., § 1279; 75 Atl. 970; 86 Pac. 650; 21 Pac. 679; 80 Atl. 565; 120 N. W. 281; 75 Pac. 749. If deceased had obeyed his instructions he would not have been injured. Obedience to rules and regulations intended for his protection was a duty he owed, and failure therein rendered him guilty of contributory negligence. 18 R. C. L. 659, § 152; 23 A. L. R. 309. Choice by the servant of a dangerous way to discharge a duty, with knowledge of the danger, a safe way being available, of which he is advised, constitutes contributory negligence, precluding recovery. 49 So. 792; 105 Ill. App. 594; 123 S. W. 22; 61 S. E. 657; 71 Atl. 1053; 108 Fed. 747.

2. Instruction No. 1, given at plaintiff's request, was erroneous and prejudicial in that it ignored material issues in the case supported by abundant testimony. 93

Ark. 564; 149 Ark. 270, 283; 77 Ark. 128; *Id.* 201; 95 Ark. 108. Being inherently erroneous, a specific objection was not necessary; yet a correct instruction covering these issues requested by the defendant amounted to a specific objection to the erroneous instruction. 153 Ark. 454.

3. The principle involved in instruction 9 requested by the defendant is sound and correct, and the court erred in refusing it. Labatt, Master & Servant, 2d ed., § 1279; 43 N. E. 181; 7 So. 94; 92 Ill. App. 74; 56 N. W. 846; 136 Fed. 162.

4. The modification of instruction 10 requested by defendant, served only to confuse and mislead the jury and completely nullified it. The proposition intended to be submitted was covered by no other instruction, and the modification was clearly erroneous. 98 Ark. 22.

*Sizer & Gardner* and *G. L. Grant,* for appellee.

1. It is shown that it was Bates' duty to operate the turntable, and that Cox had no right to start it up or run it; that, if any employee desired to use the turntable, and Bates was not there, it was the duty of such person to signal for Bates, a regular signal being provided for that purpose, and to wait for Bates to come and start the turntable, and that employees were under orders to see the hostler or his helper, Bates, if they wanted to use the turntable. The burden of proving contributory negligence was upon the defendant, and the law presumes the deceased to have been careful until the contrary affirmatively appears. 48 Ark. 460, 475; 46 Ark. 423, 437; 78 Ark. 355, 361. Cox's testimony was not sufficient to overcome this presumption, and insufficient to require the court to take the case from the jury. 165 S. W. (Ark.) 951, 952; 93 Ark. 227; 82 Ark. 86, 89; 114 Ark. 393, 397.

2. No merit in the objections to instruction No. 1. Other instructions were submitted along with No. 1, which concretely submitted the question of contributory negligence. If appellant was dissatisfied with the concluding part of the instruction, it should have made specific objection and suggested proper changes. 149 Ark. 533.

McCULLOCH, C. J.   Appellee's intestate, Marion E. Bates, was killed while working in the service of appellant at Sapulpa, in the State of Oklahoma, and this action was instituted to recover damages sustained by the widow and next of kin of the decedent on account of such death, which, it is alleged, was caused by the negligence of other servants of appellant in the operation of a turntable.   There was a trial of the cause before a jury, which resulted in a verdict in favor of appellee for recovery of damages.

Bates was employed as a hostler's helper at the turntable, his immediate superior being J. T. Horn, the hostler of the roundhouse. The duties of Horn and Bates were to put engines in and out of the roundhouse, using the turntable for that purpose, and to keep the machinery in operating condition—among other things, to put grease and oil in the cups through which they were supplied to the bearings of the machinery. The turntable was operated by electricity, and the motor and other machinery were situated in a cab, or housing, on the side of one end of the turntable.   In a box inside of the cab there was a switch which turned the electricity on and off.   When the door of this box was closed, the switch was connected so as to turn on the electricity, but, when the door of the box was open, the switch was disconnected.   The machinery which moved the turntable was put in motion by a lever inside the cab.   There was a sliding door in the housing around the machinery, and the grease-cups could be reached by a man getting partially inside of the housing through this sliding door. It was Bates' duty to grease the cups, and he was engaged in that duty when he came to his death, his body being partially inside of the housing, with his feet and legs sticking out.

There was testimony introduced by the appellant tending to show that it was not necessary for Bates to go inside of the housing to grease the cups, and that they could be reached, some of them, by the worker sitting in the hole or niche in the wall of the table-pit, and that

others could be reached while standing in the pit underneath the cab.

When the death of Bates occurred, he had, as before stated, crawled into the housing to put grease in the cups, and had left the switch open. Cox, a negro foreman of a labor gang, came up with his gang, and desired to put a push-car on the turntable and thence into one of the stalls of the roundhouse. He caused his men to push the car onto the turntable, and then went into the cab, where the switch-box was found to be open and the switch connected, and, taking hold of the lever, he set the turntable in motion. After the turntable moved a few feet, it caused a jerk, and Cox, according to his testimony and that of other witnesses, stopped the movement of the turntable by use of the lever, and, after looking around and seeing nothing, started the turntable again, when there was another jerk, and, on further examination, it was found that Bates' body had been drawn into the machinery by the movement of the table, and crushed. He died in a very short time, without recovering consciousness.

It was, according to the undisputed testimony, the duty of Bates to move the turntable when he was present. His duties frequently called him away. According to the testimony adduced by appellee, no one else except Bates, Horn, or the electrician, Ford, was authorized to move the turntable, and if any other employee desired the table to be moved, in the absence of either of the three mentioned above, it was his duty to hunt up one of these persons for the purpose of having the table moved.

It is undisputed that Cox set the table in motion, and, according to the testimony of appellee, Cox had no right to do that, in the absence of Bates or the other two persons who had authority to permit the table to be moved. On the other hand, appellant introduced testimony sufficient to warrant a finding that it was the duty of Bates to connect the switch when the turntable was to be used and disconnect it when it was not to be used, that

the opening of the switch-box was a signal that the switch was connected and the table ready for use, that any of the gang foremen, including Cox, was authorized to use the turntable when the switch was found to be connected, and that these foremen frequently used the turntable in that way.

The testimony of appellant tends to show that Bates was instructed by his superiors not to go into the machinery of the turntable for the purpose of greasing the cups without disconnecting the switch, and that the switch was not to be connected except when the turntable was in readiness to be moved by any one who was authorized to use it.

It is thus seen that, according to the undisputed evidence, the switch was connected when Cox set the machinery in motion, and the principal issue of fact in the case narrowed down to the question whether or not Cox was authorized to move the turntable when he needed to do so and found the switch connected.

It is contended by counsel for appellant, in the first place, that the evidence is not sufficient to support the verdict in favor of appellee on the issue of negligence, but we do not think that this contention is sound. The evidence adduced by appellee shows that Cox had no right to move the turntable, in the absence of Bates, and that it constituted negligence on his part, for which appellant was responsible, if he moved the turntable in violation of the rules. On the other hand, if, as the evidence adduced by appellant tended to show, there was an established rule that Bates was to connect the switch as a signal for the readiness of the turntable to be used, or disconnect it when the table was not to be used, and the gang foremen had a right to use the table when they found the switch connected, then, if Bates concealed himself in the housing without disconnecting the switch, there was no negligence on the part of Cox in moving the machinery, and the death of Bates resulted from his own negligent act in failing to disconnect the switch. These were issues of fact which should have been properly sub-

mitted to the jury, and which the court had no right to take from the jury, either by a peremptory instruction or by omissions from the court's charge.

It is insisted in the oral argument here, for the first time, that contributory negligence was not pleaded by appellant in its answer—that the language of the answer in regard to contributory negligence was a mere statement of a conclusion and not a statement of facts which constituted contributory negligence on the part of Bates. The answer in this regard was merely a general statement of contributory negligence on the part of Bates, and it contains no statement of facts upon which the charge of contributory negligence is based. We are of the opinion that it is merely a statement of a conclusion, and is not sufficient. The authorities cited by appellee's counsel in the oral argument sustain this contention. But, as before stated, this question was raised for the first time in the oral argument. There was not only no objection made to the answer in the lower court, but testimony on the issue of contributory negligence was introduced by appellant without objection, and the court gave instructions on that subject, both at the instance of appellant and appellee. One instruction was given by the court, on appellee's own motion, referring to this issue in the case and reciting that contributory negligence had been pleaded. There was no intimation given in any form during the trial below that the sufficiency of the plea of contributory negligence was challenged, and to permit the introduction of that question here for the first time would be manifestly unjust. In other words, it would be permitting a masked battery to be opened here for the first time. We must therefore treat the question of contributory negligence as having been properly presented in the trial below.

The court gave the following instruction at the request of appellee, over the objections of appellant:

"1. The court instructs the jury that, if you shall believe and find from the preponderance of the testimony that on the 9th day of June, 1922, Marion E. Bates was

in the employ of the defendant railway company at Sapulpa, Oklahoma, and that he was in charge of a certain electrically controlled turntable at the roundhouse in the yards of the company at said place, and if you further find that, on said date, the said Marion E. Bates, in addition to his other duties, was required to grease and oil and care for machinery and appliances which were used in the operation of said turntable, and you further find that, on the morning in question, the said Marion E. Bates was engaged in greasing or oiling the machinery of said turntable, and that, while so engaged, one Ben Cox, an employee of the defendant, went into the cab of said turntable and negligently and carelessly started the machinery thereof, without notice or warning to the said Marion E. Bates, or without exercising ordinary care to ascertain the whereabouts of the said Marion E. Bates, and if you further find that the machinery of said turntable was thereby started in motion, and that, as a direct result of such negligence, if any, on the part of the said Ben Cox, the said Marion E. Bates was then and there crushed and mangled in the machinery of said turntable, and, as a direct result thereof, he died, and left surviving him a widow and a minor child, then your verdict should be for the plaintiff, unless you should find that she is precluded from recovery under the other instructions given you in this case.''

Exceptions were saved to the giving of this instruction, and the ruling of the court in giving it is assigned as error. We are of the opinion that this instruction is erroneous in entirely ignoring the defense offered by appellant, that Cox was authorized to move the turntable when he found the switch connected, and was therefore free from negligence in that respect, and that Bates' death was caused by his own negligence in leaving the switch connected as a signal that the turntable was in readiness to be used. The concluding language of the instruction does not relieve it of its harmful effect in ignoring appellant's defense, for it tells the jury that,

if Cox "negligently and carelessly started the machinery thereof, without notice or warning to the said Marion E. Bates, appellant would be liable," whereas, under appellant's theory of the case, as supported by the evidence adduced, if the switch was connected, Cox had the authority to use the turntable without waiting for Bates' return, and he would not be guilty of negligence in so using it in Bates' absence. There is no evidence that Cox was guilty of negligence in the manner in which he started the turntable, the contention being that he had no right to use it at all, in the absence of Bates. It is true that, even if Cox had authority to move the turntable in Bates' absence, he would be chargeable with ordinary care to see that no one was in a position of danger, but the instruction under consideration does not relate to that question, and, on the contrary, it tells the jury, without qualification, that, if Cox started the machinery without notice or warning to Bates, he would be guilty of negligence. Appellant was entitled to have its theory of the case submitted to the jury, and this instruction entirely ignored it, and was prejudicial.

Error is assigned in the modification of an instruction requested by appellant, the modification consisting in adding the words in italics and striking out the words in parentheses, of the following instruction:

"10. You are further instructed that, if you find from the evidence that *it was the duty of the plaintiff*, the defendant had instructed him that, when he left the cab from which the turntable was operated for the purpose of greasing the machinery to open the switch (which was inclosed in a metal cabinet) inside the cab in order to cut off the power, and if you further find that the said Bates disregarded these instructions *and duty*, and was injured on account thereof, then your verdict should be for the defendant."

The instruction properly set forth the theory of appellant, and was correct in form and substance. Appellant was entitled to this instruction, and the words interpolated by the court could only have served to con-

fuse the issues in the minds of the jury. If the death of Bates was caused by his own violation of the rules or instructions prescribed for his own benefit and protection, then there can be no recovery on account of his death. *Snellen* v. *Kansas City Southern Ry. Co.,* 82 Ark. 334; *St. L. I. M. & S. Ry. Co.* v. *Stewart,* 124 Ark. 437; *St. L. I. M. & S. Ry. Co.* v. *Steel,* 129 Ark. 520. The effect of the court's modification was to permit the jury to pass on the question whether or not it was the duty of Bates to obey the instructions. The law is that an employee must obey the rules and instructions prescribed for his protection, and it was improper to leave the question to be passed upon by the jury as to whether or not it was his duty to obey such instructions. *St. L. I. M. & S. Ry. Co.* v. *Dupree,* 84 Ark. 377; *Darling* v. *Burnett,* 96 Ark. 461.

Error is also assigned in the refusal of the court to give the following instruction requested by appellant:

"9. If you find from the evidence that the defendant had instructed the said Marion E. Bates that, in filling the grease-cups on the machinery which operated the turntable in question, he would place the table so that he could fill the cups from the hole constructed in the wall of the pit, and you further find that the said Bates disregarded these instructions, and was injured on account thereof, then your verdict should be for the defendant."

The court gave several instructions requested by appellant on the subject of contributory negligence, but those instructions were only in general terms. None of them covered the subject directly like the one copied above, and appellant was entitled to have this instruction given to the jury, directly submitting the issue whether or not Bates disregarded his instructions with respect to connecting the switch. We think there was prejudicial error in refusing this instruction. The injury occurred in the State of Oklahoma, and the right of action must be controlled by the laws existing in that State at the time. Contributory negligence is an absolute defense there, as there is no statute modifying the common-law doctrine

of contributory negligence. *Frederick Cotton Oil Co.* v. *Traver,* 36 Okla. 717.

It is unnecessary to discuss the assignments of error with reference to the instructions given by the court on the subject of assumed risk, for there is no question of assumption of risk in this case, except in the sense of an assumption of risk by reason of contributory negligence. There is no testimony tending to show that Bates was aware of the alleged negligent act of Cox in time to rescue himself from danger, therefore the question of assumed risk did not arise.

On account of the errors indicated above, the judgment is reversed, and the cause remanded for a new trial.