### DREXEL FURNITURE CO. v. BAILEY, Collector of Internal Revenue.

(District Court, W. D. North Carolina, at Greensboro.   December 10, 1921.)

1. **States** ⊗═4—**Congress cannot interfere with states' control of their internal affairs.**

   Congress has no power to interfere with the control by the states of their internal affairs.

2. **Constitutional law** ⊗═47—**Court will disregard form and look at substance of act in ascertaining whether it interferes with states' control of domestic affairs.**

   In ascertaining whether an act is unconstitutional in that it interferes with the control by the states of their internal affairs, the court will disregard the form of the act and look at the substance.

3. **Constitutional law** ⊗═12—**That which is implied is as much a part of the Constitution as that which is expressed.**

   That which is necessarily implied is as much a part of the Constitution as that which is expressed.

4. **States** ⊗═4—**Statute interfering with states' control of internal affairs invalid, regardless of professed purpose.**

   A statute which directly or by a necessary operation substantially and necessarily disquiets and disturbs the states in their control of their internal affairs is invalid, regardless of the professed purpose for which it was enacted, since the purpose must be determined by its natural and reasonable effect, and not by the language used.

5. **Internal revenue** ⊗═2—**Child Labor Act held unconstitutional.**

   Revenue Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6336⅞a–6336⅞h), in so far as it imposes a tax additional to all other taxes on the profits of manufacturers employing child labor, *held* unconstitutional, as an attempt to regulate a purely internal affair of the states; the real purpose of the act being to prohibit the employment of child labor, and not to raise revenue.

6. **Internal revenue** ⊗═38—**Child labor tax paid under protest recoverable on statute being held invalid.**

   Employer who paid tax imposed on employers of child labor under Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6336⅞a–6336⅞h), under protest and with notice to collector that it would sue to recover tax upon ground that the law was unconstitutional, could recover amount so paid with interest on the statute being held unconstitutional.

At Law.   Action by the Drexel Furniture Company against J. W. Bailey, individually and as Collector of Internal Revenue.   Judgment for plaintiff.

This suit is brought by the plaintiff, a manufacturing corporation of this district, against the defendant, a former collector of internal revenue for the district of North Carolina, to recover a tax assessed against it under the provisions of the Revenue Act of February, 1919 (Comp. St. Ann. Supp. 1919, §§ 6336⅞a–6336⅞h), imposing or seeking to impose a 10 per cent. tax additional to all other taxes on the profits arising from the sale or disposition of the products of mines, mills, workshops, factories, or manufacturing establishments which at any time during the year shall have employed or permitted to work children under certain prescribed ages and for periods longer than specified in the act.   The assessment, amounting to $6,312.79, was paid under duress and with notice of protest and the purpose to sue to recover it back, upon the ground that the law under which it was assessed and

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

collected is unconstitutional. The conditions required by law with respect to bringing suit, such as filing claim for refund, etc., were duly complied with by the plaintiff before the suit was brought. An amended complaint was filed by permission of the court, to which were attached as exhibits the notice of assessment and other papers relating to the payment of the tax under protest, claim for refund, etc. A demurrer was filed by the defendant, and upon consideration of the case the court, being of opinion that the tax was illegally assessed and collected because the law under which this was done is unconstitutional, overruled the demurrer and gave judgment in favor of the plaintiff for the amount of the tax paid.

William P. Bynum, of Greensboro, N. C., for plaintiff.
Frank A. Linney, U. S. Atty., of Boone, N. C., for defendant.

BOYD, District Judge (after stating the facts as above). The question of the constitutionality of the statute challenged in this suit has heretofore been considered by this court, and it is deemed sufficient now to refer to the opinion rendered in the case of George v. Bailey, Collector, 274 Fed. 639. The opinion in that suit was based chiefly upon the case of Hammer v. Dagenhart, 247 U. S. 251, 38 Sup. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724.

The great principle emphasized in that case and those cited by the court is that the preservation of the states and the maintenance of all the rights remaining in them after the adoption of the Constitution and the Tenth Amendment thereto are "as much within the design and care of the Constitution as the preservation of the Union and the maintenance of the national government." If the vast field of power claimed by this act belongs to Congress, then it may be truly asserted that the states, as self-governing sovereigns with respect to their domestic concerns, exist merely at the will of Congress.

[1, 2] The court cannot convince itself that Congress has such power. If it has, then it may so legislate as not only seriously to affect, but even to destroy, the form of government which the Constitution was formed to create and protect. In a matter of such importance this court feels it to be its duty to disregard the form of the act and to look at the substance.

[3] That which is necessarily implied is as much a part of the Constitution as that which is expressed. As declared by the Supreme Court in the Passenger Tax Cases, 7 How. 283, 428, 12 L. Ed. 702:

"That is a very narrow view of the Constitution which supposes that any political sovereign right given by it can be exercised, or was meant to be used, by the United States in such a way as to dissolve, or even disquiet, the fundamental organization of either of the states. The Constitution is to be interpreted by what was the condition of the parties to it when it was formed, by their object and purpose in forming it, and by the actual recognition in it of the dissimilar institutions of the states."

[4] If, therefore, the statute under consideration either directly or by its necessary operation substantially and necessarily disquiets and disturbs the states in their control of their internal affairs, it must be held invalid, whatever may have been the professed purpose for which it was enacted.

In determining that question the necessary result of the statute must be taken into consideration, "even if that result is not in so many words either enacted or distinctly provided for. In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect." Collins v. New Hampshire, 171 U. S. 30, 33, 34, 18 Sup. Ct. 768, 43 L. Ed. 60.

[5] The purpose of the act in question appears upon its face. It is disclosed by its title and by its scope and inevitable effect. Through the medium of a tax, Congress here, as through the medium of a regulation of commerce in the act of September 1, 1916 (chapter 432, 39 Stat. 675), has attempted to fix the standard of labor for mines, quarries, factories, mills, etc., in the various states. The act was not intended to, nor will it, raise revenue. This was admitted, if not openly declared, by its sponsors during its passage through Congress. It was intended solely to prohibit the employment of child labor.

Whatever else it may be in theory, it is in substance and fact a tax upon the employment of child labor and is so labeled by Congress. The title of the act is "A tax upon the employment of child labor." In other words, it is a frank attempt to regulate a purely internal affair of the states, evidently because in the opinion of Congress the states have not regulated it as the Congress thinks it should be regulated.

[6] The court feels constrained, therefore, to hold the act invalid as violative of the federal Constitution and to overrule the demurrer and enter judgment for the plaintiff for the amount of the tax paid, with interest as demanded.

Some additional grounds for the conclusion of the Court in this case will be found in the case of George v. Collector, supra.