ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* CONLY.

## Opinion delivered May 29, 1922.

1. COMMERCE—APPLICATION OF FEDERAL EMPLOYERS' LIABILITY ACT.—
   Where a common carrier was engaged in interstate commerce,
   and an employee employed in such commerce was injured, the
   Federal Employers' Liability Act of April 22, 1908, controls and
   supersedes State laws upon the subject.

2. COMMERCE—REGULATION BY CONGRESS.—Congress has power un-
   der the commerce clause to prohibit carriers engaged in interstate
   commerce from employing minors under a certain age and to
   make such carriers liable for any injuries sustained by such em-
   ployees while engaged in interstate commerce.

3. COMMERCE—POWERS OF STATES.—The power of the States to regu-
   late their internal affairs is inherent and has never been surren-
   dered, but such power is different from the power to create a civil
   liability in favor of the employees of interstate carriers against
   their employers; the former power being possessed by the States
   exclusively, while the latter is possessed by Congress alone since
   it assumed jurisdiction over the subject.

4. MASTER AND SERVANT—ASSUMED RISK—INSTRUCTION.—In an ac-
   tion by a minor for injury, defendant's request for instruction
   that, if the danger was so obvious that a boy of plaintiff's experi-
   ence would have appreciated it, then plaintiff is charged with the
   knowledge and appreciation thereof and cannot recover, even if
   no special instructions were given him, was correct, and its
   refusal was error.

5. MASTER AND SERVANT—QUESTION FOR JURY.—In an action against
   an interstate carrier for injury where there was an issue under
   the evidence as to whether plaintiff was defendant's servant, and
   also as to whether defendant was negligent, and, if so, whether
   its negligence was the proximate cause, and also as to whether
   plaintiff had assumed the risk, the refusal of an instruction di-
   recting a verdict in defendant's favor was not error.

Appeal from Craighead Circuit Court, Jonesboro
District; *R. H. Dudley,* special judge; reversed.

*W. F. Evans, E. L. Westbrooke* and *W. J. Orr,* for
appellant.

1.   At the time of the accident the defendant was a
carrier engaged in interstate commerce, and the plaintiff
was employed in such commerce. The Federal Employ-
ers' Liability Act applies. 124 Ark. 127 and cases cited.

It is exclusive and supersedes all State laws on the subject. 129 Ark. 534; 244 U. S. 147; *Id.* 170; *Id.* 360; 167 N. W. 349; 162 Pac. 111.

2. In view of the foregoing decisions the court's instruction ''A'' was manifestly erroneous and prejudicial. See also 247 U. S. 367; 233 U. S. 492; 41 U. S. Sup. Ct. Rep. 36; 40 *Id.* 275; 239 U. S. 548; 226 *Id.* 135; 236 *Id.* 554; 136 Ark. 440.

3. For the same reasons the court erred in refusing to instruct on the question of assumption of risk as requested by the defendant.

*Roy Penick* and *Basil Baker,* for appellee.

It is true that where Congress has the power to pass any particular act, and has once covered the field, State laws must yield, in so far as they may be in conflict, but it is by no means true that where a State law has been passed and where it may be regarded as in aid of the congressional act, it would be held void. 146 Ark. 448. Since it has been held that the Congress of the United States is without power to pass a child labor law, is it not equally true that it is without power to pass an act that would nullify such a law passed by the State? It cannot, under the guise of regulation of interstate commerce, invade the rights of the States, and has no authority to control the States in the exercise of their police power over local trade and manufacture. 247 U. S. 251, 62 L. Ed. 1102; 276 Fed. 452; 219 U. S. 453, 55 L. Ed. 290. The Congress has not yet covered that part of the field pertaining to the employment or prohibiting the employment of minors under 16 years of age by interstate carriers, if it has the right to do so, and the States, in the exercise of their police power, have the right to act in regard to that phase of the situation.

Wood, J. The appellant is a common carrier engaged in interstate commerce. This action was instituted by Hal Conly, a minor, by his next friend, Cheatham Conly, and also by Cheatham Conly in his own right, appellees, against the St. Louis-San Francisco Railway Company,

appellant.  It is alleged in the complaint that Hal Conly
was a minor fifteen years of age employed by the appel-
lant; that he was engaged in unloading lumber, shipped
in interstate commerce, from a car; that because of the
manner in which the lumber was loaded the work was
hazardous, which fact, by reason of Conly's youth and
inexperience, was unknown to him; that appellant neg-
ligently failed to warn, or to instruct him of the danger-
ous character of the work and as to the manner of its
performance; that, while Conly was performing his work
and using due care for his own safety, the timbers fell
from the car on Conly, seriously and permanently injur-
ing him, to his damage in the sum of $10,000, for which he
prayed judgment.

In a second count to the complaint Hal Conly and
Cheatham Conly set up the same cause of action as al-
leged in the first count and prayed damages in the sum
of $10,000.  Appellant, in its answer, denied all the ma-
terial allegations of the complaint and set up the affirm-
ative defenses  of contributory negligence and assumed
risk.

1.  It is established by the pleadings, and the un-
disputed testimony as well, that at the time of the al-
leged injury the appellant was a common carrier engaged
in interstate commerce and young Conly was in its em-
ploy doing work relating to such commerce.  At the con-
clusion of the testimony the court instructed the jury that
Cheatham Conly was not entitled to recover.  He has not
appealed, and therefore passes out of the case.

Among other instructions the court, on its own mo-
tion, gave the following:

"A.  You are instructed that if you find from a pre-
ponderance of the evidence that the defendant company,
through Arthur Anthony, employed the plaintiff, Hal
Conly, at a time when he was a minor, under the age of
sixteen years, and put him to work to moving timber from
one car to another car on its tracks, and that he was in-
jured while so at work, and that the injuries complained

of herein were the direct result of such unlawful employment of the plaintiff, then you will find for the plaintiff."

Among other prayers for instructions, the appellant prayed the following: "4. You are instructed that, if you find and believe from the evidence that the danger of the timbers falling when the stakes were removed from the bad order car was so obvious that a boy of Hal Conly's experience would have appreciated the danger, then Hal Conly is charged with the knowledge and appreciation thereof, and will not be heard to say that he did not know and appreciate such danger, and he cannot recover herein, even if you find that no special instructions or warnings were given to him."

The above prayer of appellant was in conformity with the law on the doctrine of assumed risk as announced by this court in the case of *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 216-331, 222. This prayer for instruction, therefore, should have been granted, provided the Federal Employers' Liability Act (April 22, 1908, 35 Revised Statutes at Large, 65, ch. 149, Compiled Stat. 1916, sec. 8657) is controlling. It should be said in this connection that the prayers of appellant for instructions Nos. 3, 5 and 6 were not applicable to the facts of this record, and were therefore abstract and misleading, and the court did not err in refusing to grant them, even though the Federal act controls.

Does the Federal act control? Since the appellant was a common carrier engaged in interstate commerce and at the time of the alleged injury the appellee was employed in such commerce, the Federal act applies. *Long* v. *Biddle,* 124 Ark. 127. And, since the Federal act does apply, as was said by this court in *St. Louis, I. M. & S. Ry. Co.* v. *Steel,* 129 Ark. 520-534, "that act therefore governs the case. Since its passage all State laws upon the subject have been superseded. 'It covers and overlaps the whole State legislation, and is therefore exclusive.'" In addition to the cases there cited see

*New York Cent. Rd. Co.* v. *Winfield,* 244 U. S. 147; *Erie Rd. Co.* v. *Winfield,* 244 U. S. 170; *New York Cent. & H. R. R. Co.* v. *Tonsellito,* 244 U. S. 360; *McLean* v. *Chi. Great West. R. Co.* (Minn.) 167 N. W. 349; *Smithson* v. *Atchison, T. & S. F. Ry. Co.,* 162 Pac. (Cal.) 111.

In the cases above cited the Supreme Court of the United States holds that the Federal act "establishes a rule of regulation which is intended to operate uniformly in all the States as respects interstate commerce, and in that field it is both paramount and exclusive."

In *Smithson* v. *Ry., supra,* the action was brought by minor through his guardian *ad litem* to recover damages from the defendant for injuries sustained by the minor while in its employ. The action was brought under the provisions of the Federal Employers' Liability Act. There was a State law providing that "no minor under the age of eighteen years shall be employed or permitted to work between the hours of ten o'clock in the evening and five o'clock in the morning." The Supreme Court of California held that the statute of the State could not be given effect as a police regulation, although not conflicting with the Federal act. In so holding the court quotes from the Supreme Court of the United States in the case of *Prigg* v. *Commonwealth of Pa.,* 16 Peters 539, 617, 10 Law. Ed. 1060, as follows: "If Congress have a constitutional power to regulate a particular subject, and they do actually regulate it in a given manner and in a certain form, it cannot be that the State Legislatures have a right to interfere, and, as it were, by way of complement to the legislation of Congress, to prescribe additional regulations and what they may deem auxiliary provisions for the same purpose. In such a case, the legislation of Congress, in what it does prescribe, manifestly indicates that it does not intend that there shall be any further legislation to act upon the subject-matter. Its silence as to what it does not do is as expressive of what its intention is, as the direct provisions made by it. * * * The will of Congress upon the whole subject is as

clearly established by what it has not declared as by what it has expressed.''

In *McLean* v. *Ry., supra,* an action was brought by the plaintiff under the Federal Employers' Liability Act. In holding that a city ordinance, a police regulation limiting the speed of trains, having all the effect of a statute, could not be admitted to contravene the rules of evidence as to liability under the Federal statute, the Supreme Court of Minnesota, among other things, said: ''The act covers the entire field under which the employer in interstate commerce shall be liable for injury to its employee likewise engaged. It pertains solely to the relation of master and servant. It does not supersede State legislation outside of this field. Nor does it deal with the duties and obligations of either to the public; but it does supersede all State and municipal legislation governing the circumstances under which the master, while within the provisions of the act, shall be liable for injury to the servant. It follows that the ordinance in question was superseded by the act of Congress and was not admissible in evidence.''

The above decisions of the Supreme Courts of California and Minnesota contain a correct analysis and interpretation of the Federal Employers' Liability Act and its effects upon a State statute or municipal ordinance when the latter are invoked either to contravene or to supplement the Federal act. It is unnecessary to say more. Congress, through the Federal Employers' Liability Act, has covered the entire field of liability of interstate carriers to their employees for injuries sustained by them while engaged in such commerce. It is unquestionably within the power of Congress, under the commerce clause of the Constitution, to prohibit carriers engaged in interstate commerce from employing minors under a certain age and to make such carriers liable for any injuries sustained by such employees while engaged in interstate commerce. Congress, having such power and having entered upon such field of legislation, State

Legislatures covering the same subject-matter are as much bound by the silence of Congress as by what it has expressly declared within the scope of its power. As is forcefully expressed by the Supreme Court of the United States in one of its cases, ''We may not piece out this act of Congress by resorting to the local statutes.'' It is therefore wholly beyond the power of the State Legislature to make make carriers engaged in interstate commerce civilly liable in damages for injuries to their employees while engaged in such commerce for the violation of some police regulation of the State. This power of Congress, under the commerce clause of the Constitution, does not in any manner trench upon or dislodge the police power of the States over their own local and internal affairs which are reserved to them under the 10th amendment to the Constitution. *Drexel Furn. Co.* v. *Bailey,* 276 Fed. 452; *Hammer* v. *Dagenhart,* 247 U. S. Rep. 251, 272, *et seq.*

As is said in *Hammer* v. *Dagenhart, supra,* ''the power of the States to regulate their purely internal affairs by such laws as seem wise to the local authorities is inherent and has never been surrendered to the general government.'' But such power is altogether different and occupies an entirely different field from the power to create civil liability in favor of the employees of carriers while engaged in interstate commerce against their employers for the violation of some police regulation of the State. The former power the State possesses exclusively; the latter is possessed by Congress alone after it has once assumed jurisdiction over the subject. It follows that the court erred in giving instruction A on its own motion and in refusing appellant's prayer for instruction No. 4.

2. The court did not err in refusing appellant's prayers for instructions asking a directed verdict in its favor as requested in its prayer for instruction No. 2; first, because it was an issue for the jury, under the evidence, as to whether the appellee, Hal Conly, was the

servant of Arthur Anthony and not the servant of the appellant; second, it was also an issue for the jury as to whether or not the appellant was negligent, and, if so, whether its negligence was the proximate. cause of the injury; and third, it was also an issue for the jury as to whether or not the appellee had assumed the risk incident to the work he was engaged in at the time of his injury.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.