# McCully *v.* Monongahela Ry. Co., Appellant.

*Negligence—Railroads—Master and servant—Coal tipple near track—Leaning from window of engine—Due care—Assumption of risk—Low bridge accidents—Federal Employers' Liability Act of April 22, 1908, 35 Stat. 65.*

1. Under the Federal Employers' Liability Act, in order to hold a railroad company liable in damages for injuries to an employee because of improper construction of its appliances, it is necessary to convict the company of negligence.

2. The duty of the company is to see that ordinary care and prudence is exercised so that the place where work is to be performed is reasonably safe for the employee.

3. Coal tipples used in connection with railroads must be located with reference to convenience and economical use, as a necessary part of the physical plant.

4. Ordinarily the placement of tipples is for the determination of the railroad officers, with a view towards the protection of the public and their employees, as well as efficient service.

5. To charge a railroad company with negligence in the location of a tipple, it must appear that the tipple was closer to the rolling stock of the company, when in motion, than ordinarily necessary; but close clearance alone is not enough to sustain a charge of negligence. This rule applies to cases under the Federal Liabilities Act.

6. Exposure to danger from fixed structures is incident to the employment, and this rule applies to structures the dangers of

which are so obvious that the employee knew or should have known of their existence, and protected himself.

7. If the employee is unaware of the unusual danger or of the extraordinary evils happening through a neglect of duty, he does not assume such risk.

8. In cases arising under the Federal Employer's Liability Act, the rules formulated by the federal courts and not those of the state courts govern.

9. The Federal Act does not eliminate the defense of assumption of risk, except as it involves the violation of a federal statute; all of the former effects of this doctrine remain as they were at common law.

10. Where the evidence is such that the only reasonable inference is that the employee must have known of the danger, the court should rule the case as a matter of law.

11. Cases relating to accidents from low bridges and the like, involving overhead clearances, are not applicable to cases involving tipple structures near the tracks, whose presence is obvious and should be guarded against.

Argued March 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 35, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1925, No. 2636, on verdict for plaintiff, in case of William McCully v. Monongahela Railway Co. Reversed.

Trespass for personal injuries. Before MOORE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000 on which judgment was entered for $8,000. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—Except that it abolishes the common law rule of nonliability for injuries to employees due to the negligence of fellow servants, the first section of the Federal Employers' Liability Act which defines when a car-

rier is liable, adopts the common law rule of negligence as to the two branches of liability mentioned therein: Seaboard Air Line v. Horton, 233 U. S. 492; Pursglove v. Ry., 285 Pa. 27.

The doctrine of assumed risk remains as a defense under the Federal Employers' Liability Act: Butler v. Frazee, 211 U. S. 459; Baughman v. R. R., 241 U. S. 237.

*Thos. M. Marshall,* with him *R. P. & M. R. Marshall,* for appellee.—An employee is entitled to assume that his employer had used due care to provide reasonably safe appliances for the doing of his work: Texas & Pacific R. R. v. Swearingen, 196 U. S. 51; Choctow O. & G. R. R. v. McDade, 191 U. S. 64; Dollar S. Fund & T. Co. v. R. R., 272 Pa. 364.

OPINION BY MR. JUSTICE KEPHART, April 11, 1927:

Plaintiff, an employee of defendant, worked three months as a locomotive fireman, having had previous experience in that capacity. He made frequent trips over appellant's railroad prior to the time of the accident, passing a coal tipple built over the tracks which was supported by upright beams, the place where the injury occurred. His duties required him to fire the engine and at times, when not so engaged, to look for trains ahead. He was so engaged on this night in response to a signal from the engineer. He had a clear view of the track through the window in front of him. Instead of making his observation in this manner, he put his knee on the engine seat, his arm on the window, and leaned out to look ahead. He saw an object that struck him. It was one of the supports of the coal tipple used in connection with the railroad and the coal operation. While it was dark, a brilliant electric headlight immediately in front of the engine was in proper working order, lighting the way for some distance, and appellee knew where the train was prior to the happening of the accident. He denied that he knew of the presence of the tipple. The

train was travelling at a speed of twelve miles an hour. It approached the tipple from the south, at which point there was a clearance of eighteen inches between the upright and the cab.

There is no question of a violation of any regulation of the Interstate Commerce Commission with reference to the location of the tipple uprights, or of any Act of Congress, unless it appears there was negligence under the Federal Employers' Liability Act. It is admitted the suit is proper under that act, as the employee was engaged in an interstate movement at the time.

To establish defendant's liability, its negligence must affirmatively appear. There can be no recovery under the federal Act, where the circumstances are as here related, in the absence of negligence. The duty of the employer is to see that ordinary care and prudence is exercised so that the place where work is to be performed is reasonably safe for the employee. The carrier does not guarantee the safety of the place to work: Roberts, Federal Liability of Carriers, section 528; Seaboard Air Line v. Horton, 233 U. S. 492, 501. In all engagements in train service there must be a necessary accompaniment of danger, not only with respect to the movement of the train itself, but the physical construction of the roadbed, as well as the structures necessarily adjacent thereto.

To hold a railroad liable in damages for improper construction of its appliances, or structures, it is necessary to convict it of negligence. It must appear that the appliance or structure was closer to the rolling stock of the railroad when in motion than ordinarily necessary; but close clearance alone is not enough to sustain a charge of negligence.

Coal tipples used in connection with railroads are an absolute necessity to corporate life, business industry, and the development of our resources. These structures must be located with reference to convenience and economical use, as a necessary part of the physical plant,

without interference from those who by nature or study are not qualified to set a standard as to their location. Ordinarily the placement of such structures is for the determination of railroad officers, who, in wise administration of the road, select them with a view toward protection to the public and their employees, as well as efficient service. They must know their duty in the premises, and must be at liberty to exercise the sound discretion the law gives them.

The correct disposition of these matters establishes a rule of conduct of a permanent nature affecting the entire system. "On the common law principles of tort the adoption of an improvement in the public interest does not throw the risk of all incidental damage upon those who adopted it, however fair it may be to put the expenses of insurance upon those who use it. It is going very far to leave it open to a jury to attach liability in tort to a system": Southern Pac. Co. v. Berkshire, 254 U. S. 415, 418. If it did, there would be a constant brake put on the activities of the managing authorities to the discouragement of efficient service.

Accidents resulting from the close proximity of structures to railroad tracks have been numerous. The rules of law applicable in such cases have been well stated in Boyd v. Harris et al., 176 Pa. 484, 488. In that case a brakeman employed by defendants was killed by colliding with a cattle chute located near a siding. The court said: "This case presents a question, the importance of which extends far beyond the present parties and the judgment to be entered herein. It is whether the location of the permanent structure along a line of railroad necessary to accommodate its business is to be determined by the railroad company or by a petit jury. If by the former, they may be located with reference to the convenient and economical use of the railroad and the accommodation of its traffic. If by the latter, these considerations will be lost sight of, and the proper location will be a shifting one to be settled by each successive jury

in accordance with its own notions and the peculiar features of the case on trial.  One jury may hold a given location to be safe and proper.  The next jury may hold it to be unsafe and therefore improper."  Where they shall be placed and how they shall be arranged are questions that belong to the railroad company as truly as the location of the switches and sidings, or of the track itself.

It is true that, in cases arising under the Federal Employers' Liability Act, the rules formulated by the federal courts and not those of the state court govern.  See Mumma v. P. & R. Ry. Co., 275 Pa. 277, 284; St. Louis & S. F. R. Co. v. Conly, 154 Ark. 29, 241 S. W. 365; Kidd v. Chicago, R. I. & V. Ry. Co., 310 Mo. 1, 274 S. W. 1079; Gaddy v. N. Car. R. Co., 175 N. C. 515, 95 S. E. 925; McDonald v. P. R. R., 105 Ohio St., 280, 136 N. E. 894; Atchison, T. & S. F. R. R. v. Francis, 227 S. W. (Tex. Civ. App.) 342.  An examination of the authorities, however, shows that the federal rule does not conflict, under the facts present in this case, with the rule announced above.  In Southern Pacific Co. v. Berkshire, 254 U. S. 415, it was held that the placing of railway mail cranes so close to the track that the arm when extended was within fourteen inches of the engine cab was not negligence toward the employees of the railroad, where the placing of the cranes was uniform and necessary.

The tipple was a necessary adjunct to the railroad; the conformation of the ground may have prevented its being placed further from the tracks, and there is no evidence that this tipple was closer than other similar ones on this or other railroads.

The case of Tex. Pac. Ry. Co. v. Swearingen, 196 U. S. 51, does not establish a contrary rule.  Nor does it have any application to a situation such as disclosed by the facts in this case.  In that case plaintiff was injured while riding on a box car, holding on to a ladder on the side of the car with his foot in a step called a stirrup.  It was the custom for brakemen to swing out from the

car when signalling. Plaintiff was struck by a scale box placed so close that there was not space enough to clear his body; clearance of these boxes at various points along the line varied from 16 to 168 inches. Plaintiff did not know that this particular box was so close to the track that he could not pass it in the performance of his duties without danger, and "had never done more than cursorily observe the structure from a distance." The question of performance of the duty of due care was for the jury.

Employment on a railroad exposes one to many dangers from fixed structures that are incident to the engagement, but these dangers are assumed to be guarded against by attention necessary to protect one's self. The same rule applies to structures unusually dangerous which are so obvious that the employee knew, or should have known, of their existence: Geesey v. Palmer Lime & Cement Co., 278 Pa. 147. On the other hand, if the employee is unaware of the unusual danger or of the extraordinary evils happening through a neglect of duty, the employee does not assume such risk. The federal act does not eliminate the defense of assumption of risk, (except as it involves the violation of a federal statute); all of the former effects of this doctrine remain as they were at common law: Seaboard Air Line v. Horton, supra, p. 503; Jacobs v. Southern Ry., 241 U. S. 229, 235; Boldt v. Pa. R. R., 245 U. S. 441, 445.

In Dutrey v. Phila. & Reading Ry. Co., 265 Pa. 215, 219, 220, it is said, "The employee assumes, as a risk of his employment, such dangers as are normally and necessarily incident to his occupation, and a workman of mature years, is taken to assume them whether he is aware of their existence or not; but risks of another sort, not naturally incident to the occupation, may arise out of the failure of the employer to exercise due care. They are the unusual, extraordinary and unexpected acts, and the employee is not to be treated as assuming such risks until he becomes aware of their existence, un-

less the act or risk is so obvious that an ordinarily prudent person would have observed and appreciated them: Seaboard Air Line v. Horton, supra; Jacobs v. Southern Ry., supra; Boldt v. P. R. R., supra; C. & O. Ry. Co. v. De Atley, 241 U. S. 310, 315; Erie R. Co. v. Purucker, 255 U. S. 320; C. & O. Ry. Co. v. Proffitt, 241 U. S. 462, 468."

Where the evidence is such that the only reasonable inference is that the employee must have known the danger, the court should rule the case as a matter of law. See Butler v. Frazee, 211 U. S. 459; Baugham v. N. Y. P. & N. R. R. Co., 241 U. S. 237; Kenney v. Meddaugh, 118 Fed. 209; Fulford v. Lehigh Valley R. R. Co., 185 Pa. 329.

The only reasonable inference to be drawn from the evidence before us is that plaintiff must have known of the position of this tipple. It was certainly visible and obvious. He made several trips along this same route, passing the tipple each time. The engine was equipped with a strong electric headlight which enabled the engine crew to see the tipple approximately a quarter of a mile away.

The cases involving accidents from low bridges and the like are not in point. It cannot be presumed ordinarily that one who rides under a bridge knows of the clearance overhead (Boston & Maine R. R. Co. v. Brown, 218 Fed. 625, 627), even if it appears that he has passed under it before, but not on top of the car (Davis v. Crane, 12 Fed. (2d) 355, 358), though the contrary would be true if the employee had notice of the risk. (Stoneback v. Thomas Iron Co., 2 Sad. 97), or if, under the circumstances appearing, the employee should have known of the danger: Geesey v. Palmer Lime & Cement Co., supra.

Some mention is made of a low joint. These are defects in construction and maintenance which come through use so common that an employee on the train should always be on guard against them. But there is

not the slightest evidence that the engine rocked at that time, or that, if it did, the rocking contributed to the accident. The fact that the low joint may have been there and the engine might have rocked at another time does not prove what happened to this particular engine on that occasion. In view of the fact that the engine frame was rigid over the driving wheels some sixteen feet keeping it firm, evidence, as indicated, should have been submitted if the low joint was to have a bearing.

After considering all the evidence for plaintiff, judgment is reversed and is here entered for defendant n. o. v.